# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR MORENO, | 1:11-cv-01380-LJO-SMS (HC) |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| MICHAEL L. BENOV, | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

Petitioner is currently incarcerated at the Taft Correctional Institution in Taft, California, following a conviction in the United States District Court for the Northern District of Alabama for possession of 21 U.S.C. § 841. Petitioner filed the instant petition for writ of habeas corpus August 19, 2011, claiming that he was wrongly denied participation in the Residential Drug Addiction Program (RDAP) despite evidence that he was addicted to drugs.

## DISCUSSION

I.   Subject Matter Jurisdiction

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief." Rule 4

1

of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution. . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. This Court must determine as an initial matter whether it has subject matter jurisdiction to review the claims.

The Ninth Circuit recently held that federal habeas corpus relief is not available to review the Bureau of Prison's (BOP) discretionary determination for participation in the RDAP. See Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011) ("[A]ny substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court.").

Petitioner's sole challenge is to the BOP's "individualized RDAP determination" which is not subject to review by way of a petition for writ of habeas corpus. Accordingly, the instant petition must be DISMISSED for lack of subject matter jurisdiction.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED:

1. The instant petition for writ of habeas corpus be DISMISSED; and

2. The Clerk of Court be directed to terminate this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that

1 failure to file objections within the specified time may waive the right to appeal the District
2 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

8 IT IS SO ORDERED.

9 **Dated:   August 26, 2011**                             /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE